UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ORAN KEITH LIVELY, ET AL. | CIVIL ACTION NO. 06-2341 |
| versus | JUDGE HICKS |
| U.S. EXPRESS ENTERPRISES, INC. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

The personal injury complaint in this case alleges that the two plaintiffs are citizens of Texas and that the corporate defendant, U.S. Express, is incorporated under the laws of Nevada and has its principal place of business in Tennessee. Before the court is a Motion to Intervene (Doc. 13) by KLLM Transport, Inc. ("KLLM"), which seeks reimbursement of the workers' compensation benefits it paid to one of the plaintiffs.

The complaint in intervention requires an independent jurisdictional basis. Dushane v. Gallagher Kaiser Corp., 2005 WL 1959151 (W.D. La. 2005). Accordingly, the citizenship of the relevant parties, including corporations, must be set forth affirmatively and distinctly. Guillory v. PPG Industries, Inc., 2006 WL 861011, n. 3 (W.D. La. 2006).

KLLM, in its proposed complaint in intervention, describes itself as a "corporation authorized under laws other than the State of Louisiana and authorized to do and doing business in the State of Louisiana." That is not sufficient. KLLM must state with specificity (1) the state in which it is incorporated and (2) the state in which it has its principal place of business. Also, KLLM's allegations with respect to the citizenship of U.S. Express are not

consistent with the allegations in Plaintiffs' complaint. Plaintiffs describe U.S. Express as a corporation incorporated in Nevada with its principal place of business in Tennessee. KLLM, on the other hand, alleges that U.S. Express is organized "under laws other than the State of Nevada." This court has not yet decided whether a complaint in intervention that rests upon diversity jurisdiction must also independently satisfy the amount in controversy element. The issue is not addressed here, but it is noted that KLLM has failed to include any allegation with respect to the amount of benefits it paid.

The **Motion to Intervene (Doc. 13)** is **granted**, and KLLM's Complaint in Intervention will be filed. KLLM is permitted until **July 31, 2007** to file a **Motion for Leave to Amend the Complaint in Intervention**, accompanied by a proposed amended complaint that includes the specific citizenship allegations for each relevant party. If KLLM continues to allege that U.S. Express is incorporated in a state other than Nevada, it should explain in its motion for leave the reason for its disagreement with Plaintiffs on that point. The proposed amended complaint should also include a specific allegation as to the amount of compensation benefits or other amounts sought by the intervention. Failure to comply with this order may result in dismissal without prejudice of the complaint in intervention or even the entire civil action. See Dushane.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 3rd day of July, 2007.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE